**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| ROCKETBOX JUNK REMOVAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>RocketBox, LLC,<br><br>Defendant. | ) | Civil Action No.: 1:26-cv-731<br><br>(JURY TRIAL DEMANDED) |

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff, ROCKETBOX JUNK REMOVAL, LLC, ("ROCKETBOX JUNK REMOVAL" or "Plaintiff"), by and through its undersigned counsel, submit this Complaint for Trademark Infringement against RocketBox, LLC ("RocketBox Movers" or "Defendant") and allege as follows:

## THE PARTIES

1. ROCKETBOX JUNK REMOVAL, LLC is a New Hampshire limited liability company with its principal place of business at 402 Amherst Street, Suite 100 Nashua, New Hampshire 03063.

2. Upon information and belief, RocketBox, LLC is a Colorado limited liability company with a principal place of business at 760 Star Grass Ln, Fort Collins, CO 8052.

## JURISDICTION AND VENUE

3. This is a civil action seeking legal and equitable relief for (a) infringement of a registered trademark under the Federal Trademark Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"), particularly 15 U.S.C. § 1125(a).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant based on it offering its services in this Judicial District and its substantial activities within this Judicial District. In addition, by committing acts of trademark infringement and unfair competition in this Judicial District, including, but not limited to, using infringing marks in connection with the sale of services to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391and 1400.

**FACTUAL BACKGROUND**

7. The trade name and trademark "ROCKETBOX JUNK REMOVAL" (the "ROCKETBOX JUNK REMOVAL Mark") has been exclusively and widely used by the Plaintiff since at least as early as 2025 and has garnered a tremendous amount of goodwill and recognition throughout New Hampshire, and nationally, in connection with junk removal services. A copy of an excerpt from ROCKETBOX JUNK REMOVAL's website is attached hereto as Exhibit 1.

8. As a result of its continued use of the mark, the Plaintiff has acquired the sole and exclusive common law rights to use the ROCKETBOX JUNK REMOVAL Mark in connection with junk removal services in New Hampshire, and throughout the country.

9. On December 5, 2023, the Plaintiff filed an in-use trademark application with the United States Patent and Trademark Office for the mark "ROCKETBOX JUNK REMOVAL" (U.S. Serial No. 98299911) in international class 39 for junk removal; junk, trash and debris removal.

10. The ROCKETBOX JUNK REMOVAL trademark application matured to a registration on August 19, 2025 (U.S. Trademark Registration No. 7908111). A copy of the ROCKETBOX JUNK REMOVAL trademark registration from the United States Patent and Trademark Office website is attached hereto as Exhibit 2.

11. Defendant recently adopted the name “RocketBox Movers” (“RocketBox Movers Mark” or “Allegedly Infringing Mark”) in connection with junk removal and moving services throughout the country. A copy of an excerpt from Defendant’s website is attached hereto as Exhibit 3.

12. Defendant began using and offering its services under the Allegedly Infringing Mark in August of 2025.

13. Defendant was aware of the Plaintiff and its services offered under the ROCKETBOX JUNK REMOVAL Mark when it adopted its Allegedly Infringing Mark.

14. Defendant’s use of the word “MOVERS” as part of the Allegedly Infringing Mark merely describes the services offered under its Allegedly Infringing Mark and does not function as an indicator or otherwise assist in identifying the source or origin of the Defendant’s services.

15. The Parties Marks share the have the identical dominant foremost portion of its marks, “ROCKETBOX”.

16. Based on the identical nature of the Parties’ services the Plaintiff and Defendant are offering their respective services to identical consumers.

17. It is undisputed that the Plaintiff obtained all rights in the ROCKETBOX JUNK REMOVAL Mark prior to the Defendant’s adoption and use of its RocketBox Movers Mark.

18. The Defendant has never retained, sought or obtained permission from the Plaintiff to utilize or feature the RocketBox Movers Mark in connection with junk removal services.

19. Due to Plaintiff's widespread recognition the Defendant's adoption of the Allegedly Infringing Mark has created actual confusion in the marketplace among potential consumers.

20. Plaintiff became aware of the Defendant's business and adoption of the Allegedly Infringing Mark based on third parties asking if the Defendant was affiliated with the Plaintiff.

21. On or about March 19, 2026, Plaintiff's counsel sent a correspondence to the Defendant demanding that, inter alia, it immediately ceases use of the Allegedly Infringing Mark.

22. No response to the letter was provided by Defendant.

23. The Defendant has willfully continued the infringing acts complained of with conscious disregard of the Plaintiff's rights.

**COUNT I**
**(Trademark Infringement - Lanham Act, 15 U.S.C. § 1125(a))**

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-23 inclusive, and incorporates them herein by reference.

25. Plaintiff is the owner of the trademark "ROCKETBOX JUNK REMOVAL".

26. Through long lasting, continued and extensive use the ROCKETBOX JUNK REMOVAL Mark has become exclusively identified with the Plaintiff.

27. Defendant has used in commerce its RocketBox Movers Mark in connection with the advertising and offering of junk removal and moving services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers with the Plaintiff's ROCKETBOX JUNK REMOVAL Mark.

28. Defendant has used in commerce its RocketBox Movers Mark in connection with the advertising and offering of junk removal and moving services in a manner that has resulted in

confusion, mistake, and deceived consumers as to RocketBox Movers being associated with, connected to, or sponsored by ROCKETBOX JUNK REMOVAL.

29. Defendant's use of the RocketBox Movers Mark is without the permission or authority of the Plaintiff.

30. Defendant's use of the RocketBox Movers Mark has already caused substantial actual confusion in the marketplace between the Plaintiff and Defendant that cannot be undone.

31. Defendant's violation of Plaintiff's rights in its ROCKETBOX JUNK REMOVAL Mark is knowing, willful, deliberate, fraudulent, and intentional, and was made with knowledge that such violation would damage Plaintiff and its ROCKETBOX JUNK REMOVAL Mark.

32. Defendant's actions have caused confusion, and are likely to continue to cause confusion, mistake or deception, all to Plaintiff's irreparable injury and the Defendant's unjust enrichment and benefit in violation of 15 U.S.C. Section 1114(a)(l) (Section 32 of the Lanham Act).

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:

A. A preliminary and permanent injunction ordering RocketBox Movers to immediately cease and desist its use and promotion of the RocketBox Movers Mark, or confusingly similar versions of the RocketBox Movers Mark;

B. An award of RocketBox Movers' profits realized from selling its services in commerce under the RocketBox Movers Mark, as well as Plaintiff's damages and costs of the action, in accordance with 15 U.S.C. § 1117(a);

C. A finding that of RocketBox Movers' actions were intentional, willful and/or deliberate and, based thereon, an award of treble the amounts awarded in subparagraph B, in accordance with 15 U.S.C. § 1117(a);

D. A finding that this case is exceptional as a result of RocketBox Movers' intentional, willful and/or deliberate actions and, based thereon, an award of Plaintiff's reasonable attorney's fees, in accordance with 15 U.S.C. § 1117(a); and

E. An order requiring of RocketBox Movers to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and jewelry products in the possession of RocketBox Movers, its agents and employees, and all those in active concert or participation with them, which bear the of RocketBox Movers Mark, in accordance with 15 U.S.C. § 1118; and,

F. That the Plaintiff be awarded such other and further relief as this Court deems just and equitable.

Dated: September 8, 2026.

Respectfully Submitted,
Attorney for Plaintiff

By: /s/ Brendan M. Shortell

Brendan M. Shortell (NHID# 274676)
Lambert Shortell & Connaughton
2 Oliver Street, Suite 606
Boston, MA 02109
Telephone: 617.720.0091
shortell@lambertpatentlaw.com